USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/14/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK (FOLEY SQUARE)

| | |
|---|---|
| SAMUEL SAFERN,<br>    Plaintiff, | CASE NO. 1:19-cv-07379-VEC<br>ECF Case |
| vs. | |
| BARCLAYS BANK DELAWARE;<br>CHASE BANK USA, N.A.; EQUIFAX<br>INFORMATION SERVICES, LLC; and<br>TRANS UNION, LLC;<br>    Defendants. | **STIPULATED PROTECTIVE ORDER** |

    IT IS HEREBY STIPULATED by and between Plaintiff Samuel Safern and Defendants Barclays Bank Delaware ("Barclays"), Chase Bank USA, N.A. ("Chase"), Equifax Information Services, LLC ("Equifax"), and Trans Union, LLC ("Trans Union") through their respective attorneys of record, as follows:

    WHEREAS, documents and information have been and may be sought, produced or exhibited by and among the parties to this action relating to trade secrets, confidential research, development, technology or other proprietary information belonging to the defendants, and/or personal income, credit and other confidential information of Plaintiff.

    THEREFORE, an Order of this Court protecting such confidential information shall be and hereby is made by this Court on the following terms:

    1.    This Order shall govern the use, handling and disclosure of all documents, testimony or information produced or given in this action which are designated to be subject to this Order in accordance with the terms hereof.

    2.    Any party or non-party producing or filing documents or other materials in this action may designate such materials and the information contained therein subject to this Order by

typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential."

3. If a party or non-party producing documents in this action (a "Producing Party") believes in good faith that, despite the provisions of this Order, there is a substantial risk of identifiable harm to the Producing Party if particular documents it designates as "Confidential" are disclosed to all other Parties or non-parties in this action, the Producing Party may designate those particular documents as "Confidential -Attorneys' Eyes Only."

4. To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Order, the party filing such papers shall designate such materials, or portions thereof, as "Confidential," or "Confidential-Attorneys Eyes Only" and shall have such materials filed under seal, consistent with this Court's Individual Practices In Civil Cases; provided, however, that a copy of such filing having the confidential information deleted therefrom may be made part of the public record.

5. All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony given in a deposition, declaration or otherwise, that refers, reflects or otherwise discusses any information designated "Confidential" or "Confidential -Attorneys Eyes Only" hereunder), shall not be used, directly or indirectly, by any person, including the other Defendants, for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with the provisions of this Order.

6. Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential," or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential" treatment under this Order, and any

information contained in, or derived from any such materials (including but not limited to, all deposition testimony that refers to, reflects or otherwise discusses any information designated "Confidential" hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Court and its officers; (b) parties to this litigation; (c) specifically retained counsel for the parties, whether retained outside counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation; (d) fact witnesses subject to a proffer to the Court or a stipulation of the parties that such witnesses need to know such information; (e) present or former employees of the Producing Party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure); and (f) experts specifically retained as consultants or expert witnesses in connection with this litigation.

7. Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential -Attorneys Eyes Only," or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential -Attorneys Eyes Only" treatment under this Order, and any information contained in, or derived from any such materials (including but not limited to, all deposition testimony that refers to, reflects or otherwise discusses any information designated "Confidential -Attorneys Eyes Only" hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Court and its officers; (b) the Plaintiff; (c) specifically retained counsel for the parties, whether retained outside counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation; (d) fact witnesses subject to a proffer to the Court or a stipulation of the parties that such witnesses need to know such information; (e) present or former employees of the Producing Party in connection with their depositions in this action

(provided that no former employees shall be shown documents prepared after the date of his or her departure); and (f) experts specifically retained as consultants or expert witnesses in connection with this litigation.

8. Documents produced pursuant to this Order shall not be made available to any person designated in subparagraphs 6(d), 6(f) 7(d) and 7(f) unless he or she shall have first read this Order, agreed to be bound by its terms, and signed the attached Declaration of Compliance.

9. The substance and content of all depositions taken in this action, along with any deposition exhibits, that contain confidential information may be designated as "Confidential" or "Confidential – Attorneys' Eyes Only" and thereby obtain the protections accorded other confidential information under this Order. The Designating Party shall have 21 days from the date that the deposition transcript becomes available to serve a notice to all parties designating portions of the transcript to be designated as "Confidential" or "Confidential – Attorneys' Eyes Only." Until such time, all deposition testimony shall be treated as confidential pursuant to the protections of this Order. If a Designating Party fails to timely provide notice in accordance with the provisions of this paragraph, the confidential designation will be considered waived, unless otherwise agreed by the parties or ordered by the Court.

10. All persons receiving any or all documents produced pursuant to this Order shall be advised of their confidential nature. All persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing same to any person except as provided herein, and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named parties thereto. No person receiving or reviewing such confidential documents, information or transcript shall disseminate or disclose them to any

person other than those described above in Paragraphs 6-7 and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

11. Nothing in this Order shall prevent a party from using at trial any information or materials designated "Confidential" or "Confidential -Attorneys Eyes Only," but measures should be taken to prevent and limit the unreasonable and/or unnecessary disclosure of any such information.

12. This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential," or "Confidential-Attorneys Eyes Only" nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

13. Within sixty (60) days after the final termination of this litigation, all documents, transcripts, or other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work product materials, shall be returned to the Producing Party or destroyed.  If a party elects to have its confidential materials destroyed rather than returned, the parties in possession of the confidential materials shall confirm the destruction in writing.

14. In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under this Order, the parties shall first try to resolve such dispute in good faith on an informal basis in accordance with Civil Local Rule 37.2 and this Court's Individual Practices In Civil Cases.  If the dispute cannot be resolved, the designating party shall seek appropriate relief from the Court within 21 days of the parties' good faith meeting and

conferral. During the pendency of any challenge to the designation of a document or information, the designated document or information shall continue to be treated as "Confidential" or "Confidential-Attorneys Eyes Only" subject to the provisions of this Order. If the Court determines that the disputed documents have been improperly designated as confidential, then the receiving party may be entitled to reasonable attorneys' fees as determined by the Court.

15.   Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Order.

16.   The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

IT IS SO ORDERED.

Dated: 11/14/2019

_____

United States District Judge

> Notwithstanding anything to the contrary in the Stipulation, if the Parties seek to file material subject to the Protective Order under seal, they must comply with Rule 5(A) of the Court's individual practices.

Dated: November 14, 2019                                   Respectfully submitted,

/s/ *Daniel C. Cohen* (with consent)
Daniel C. Cohen, Esq.
Edward Y. Kroub, Esq.
Cohen & Mizrahi, LLP
300 Cadman Plaza West, 12th Floor
Brooklyn, NY  11201

*Counsel for Plaintiff, Samuel Safern*


/s/ *Camille R. Nicodemus*
Camille R. Nicodemus, Esq.
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN  46077
Telephone: (317) 363-2400
Fax: (317) 363-2257
E-Mail:  cnicodemus@schuckitlaw.com

*Counsel for Defendant Trans Union, LLC*


/s/ *Nana Boyer* (with consent)
Nana Boyer, Esq.
Reed Smith, LLP
599 Lexington Avenue
New York, NY  10022

*Counsel for Defendant Barclays Bank Delaware*


/s/ *Christopher Turcotte* (with consent)
Christopher Barry Turcotte, Esq.
The Law Office of Christopher B Turcotte
575 Madison Avenue, Suite 1006
New York, NY  10022

*Counsel for Defendant Chase Bank USA, N.A.*

<u>/s/ *Boris Brownsein* (with consent)</u>
Boris Brownstein, Esq.
Clark Hill, Plc
830 Third Ave., Suite 200
New York, NY 10022

*Counsel for Defendant Equifax Information Services, LLC*

**EXHIBIT A**

**DECLARATION OF COMPLIANCE**

I, _____, declare as follows:

1. My address is: _____.

2. My present employer is _____.

3. My present occupation or job description is:_____.

4. I received a copy of the Stipulated Protective Order on _____.

5. I have carefully read and understand the provisions of this Stipulated Protective Order.

6. I will comply with all provisions of this Stipulated Protective Order.

7. I will hold in confidence, and will not disclose to anyone not qualified under the Stipulated Protective Order, any information, documents or other materials produced subject to this Stipulated Protective Order.

8. I will use such information, documents or other materials produced subject to this Stipulated Protective Order only for purposes of this present action.

9. Upon termination of this action, or upon request, I will return and deliver all information, documents or other materials produced subject to this Stipulated Protective Order, and all documents or things which I have prepared relating to the information, documents or other materials that are subject to the Stipulated Protective Order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.

10. I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Stipulated Protective Order in this action.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this _____ day of _____, 20\_\_\_ at _____.

_____
QUALIFIED PERSON